**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
Sheila A. Dizenzo

Case No.: 18-19439  
Judge: ABA

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: February 12, 2019  
☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: RSH    Initial Debtor: SAD    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____675.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____June 1, 2018_____ for approximately _____60_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 3,210.00 |
| DOMESTIC SUPPORT OBLIGATION | | |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Bayview Loan Servicing | Primary Residence | $8,421.00 | 0% | $8,321.00 | $750.00 |
| Franklin Township Tax Collector | Tax Sale Certificate | $16,686.63 | 18% | $25,000.00 | $683.33 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Loans with Gateway One Lending for 2009 Ford F-150 and Credit Acceptance Corp. for 2013 Jeep Wrangler to be paid outside Plan.

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

### Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a.  **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**  ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:  Other Plan Provisions

**a. Vesting of Property of the Estate**

☐  Upon confirmation

☒  Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Administrative Expenses
3) Priority Claims
4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: May 8, 2018                                   .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Add a creditor who is unaffected by the Plan. | Part 4(f) - add Credit Acceptance Corp. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

## Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: February 12, 2019                                          /s/ Sheila A. Dizenzo
                                                                 Debtor

Date: _____                                     _____
                                                                 Joint Debtor

Date: February 12, 2019                                          /s/ Richard S. Hoffman, Jr.
                                                                 Attorney for Debtor(s)

```
                          United States Bankruptcy Court
                               District of New Jersey
In re:                                                              Case No. 18-19439-ABA
Sheila A Dizenzo                                                    Chapter 13
        Debtor
                                    CERTIFICATE OF NOTICE
District/off: 0312-1           User: admin                  Page 1 of 2                    Date Rcvd: Feb 14, 2019
                               Form ID: pdf901              Total Noticed: 33


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 16, 2019.
db             +Sheila A Dizenzo,    3520 Coles Mill Road,    Franklinville, NJ 08322-2403
517520964     ++ALANTIC CITY ELECTRIC,    BANKRUPTCY DEPARTMENT MAIL STOP 84CP42,     5 COLLINS DRIVE SUITE 2133,
                 CARNEYS POINT NJ 08069-3600
               (address filed with court: Atlantic City Electric,      Corporate Office,    PO Box 231,
                 Wilmington, DE 19899-0231)
517532361     ++CREDIT ACCEPTANCE CORPORATION,    25505 WEST 12 MILE ROAD,    SOUTHFIELD MI 48034-8316
               (address filed with court: CREDIT ACCEPTANCE,     25505 WEST 12 MILE ROAD,
                 SOUTHFIELD , MI 48034)
517606415      Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
517520969      Credit Acceptance Corp,    PO Box 551888,   Detroit, MI 48255-1888
517520970     +Franklin Twp. Tax Collector,    1571 Delsea Drive,    Franklinville, NJ 08322-2391
517520972     +Hayt Hayt & Landau,    2 Industrial Way West,    PO Box 500,    Eatontown, NJ 07724-0500
517520973     +KML Law Group, PC,    216 Haddon Avenue, Suite 406,    Westmont, NJ 08108-2812
517520975     +Metabank,    4900 S. Western Ave,   Sioux Falls, SD 57108-2747
517520977     #+Penn Credit Corporation,    916 S 14th St,   Harrisburg, PA 17104-3425
517520979     +Rickart Collection Systems Inc.,    575 Milltown Road,    PO Box 7242,
                 North Brunswick, NJ 08902-7242
517520980     +Robert Stein,    3520 Coles Mill Road,   Franklinville, NJ 08322-2403
517520981      RowanSOM,    Faculty Practice Plan,   PO box 635,    Bellmawr, NJ 08099-0635
517520982      South Jersey Gas Co.,    PO Box 6091,   Bellmawr, NJ 08099-6091
517606686     +Wilmington Savings Fund Society, FSB,    AMIP Management, LLC,
                 3020 Old Ranch Parkway, Suite 180,    Seal Beach, CA 90740-2799

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Feb 15 2019 00:14:32       U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Feb 15 2019 00:14:29       United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517535225       E-mail/Text: bankruptcy@pepcoholdings.com Feb 15 2019 00:13:55
                 Atlantic City Electric Company,    Pepco Holdings, Inc.,
                 Bankruptcy Division, Mail Stop 84CP42,    5 Collins Drive, Suite 2133,
                 Carneys Point, NJ 08069-3600
517520965       E-mail/Text: bkmailbayview@bayviewloanservicing.com Feb 15 2019 00:15:02
                 Bayview Loan Servicing, LLC,    62516 Collection Center Drive,    Chicago, IL 60693-0625
517520966      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Feb 15 2019 00:17:24       Capital One,
                 PO Box 30285,   Salt Lake City, UT 84130-0285
517594817       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Feb 15 2019 00:18:07
                 Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
517520967      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Feb 15 2019 00:16:48
                 Capital One Bank USA NA,    PO Box 30281,   Salt Lake City, UT 84130-0281
517520968      +E-mail/Text: bankruptcy@cavps.com Feb 15 2019 00:14:50       Cavalry Portfolio Service,
                 500 Summit Lake Drive,    Valhalla, NY 10595-2322
517523489      +E-mail/Text: bankruptcy@cavps.com Feb 15 2019 00:14:51       Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
517520971      +E-mail/Text: jennifer.macedo@gatewayonelending.com Feb 15 2019 00:13:40       Gateway One Lending,
                 3818 E Coronado St, Ste 100,    Anaheim, CA 92807-1620
517634724      +E-mail/Text: jennifer.macedo@gatewayonelending.com Feb 15 2019 00:13:40
                 Gateway One Lending & Finance, LLC,    160 N Riverview Drive, Ste 100,     Anaheim, CA 92808-2293
517520974      +E-mail/Text: bncnotices@becket-lee.com Feb 15 2019 00:13:29       Kohls Department Store,
                 PO Box 3115,   Milwaukee, WI 53201-3115
517520976      +E-mail/Text: bankruptcydpt@mcmcg.com Feb 15 2019 00:14:29       Midland Funding, LLC,
                 2365 Northside Drive,    Suite 300,   San Diego, CA 92108-2709
517520978       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 15 2019 00:16:51
                 Portfolio Recovery Associates, LLC,    120 Corporate Blvd,    Norfolk, VA 23502
517639344       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 15 2019 00:17:26
                 Portfolio Recovery Associates, LLC,    POB 41067,    Norfolk VA 23541
517520983       E-mail/PDF: gecsedi@recoverycorp.com Feb 15 2019 00:16:41       SyncB/Sams,   PO Box 965005,
                 Orlando, FL 32896-5005
517522008      +E-mail/PDF: gecsedi@recoverycorp.com Feb 15 2019 00:16:41       Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517520984      +E-mail/Text: bnc-bluestem@quantum3group.com Feb 15 2019 00:15:15       Webbank/Fingerhut,
                 6250 Ridgewood Rd,    Saint Cloud, MN 56303-0820
                                                                                               TOTAL: 18

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517606724*    +Wilmington Savings Fund Society, FSB,    AMIP Management, LLC,
                 3020 Old Ranch Parkway, Suite 180,    Seal Beach, CA 90740-2799
                                                                                    TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

```
District/off: 0312-1           User: admin                 Page 2 of 2                  Date Rcvd: Feb 14, 2019
                               Form ID: pdf901             Total Noticed: 33
```

```
              ***** BYPASSED RECIPIENTS (continued) *****
```

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 16, 2019                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 12, 2019 at the address(es) listed below:
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Isabel C. Balboa    ecfmail@standingtrustee.com,  summarymail@standingtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    Bayview Loan Servicing et al. rsolarz@kmllawgroup.com
              Richard S. Hoffman, Jr.    on behalf of Debtor Sheila A Dizenzo rshoffman@hoffmandimuzio.com,
               lmcevoy@hoffmandimuzio.com;jslachetka@hoffmandimuzio.com;hoffmanrr81909@notify.bestcase.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 5